IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH O. LIPPITT,

                Petitioner,                OPINION and ORDER

   v.

                                          22-cv-394-jdp
UNITED STATES OF AMERICA,                95-cr-36-jdp

                Respondent.

Defendant Kenneth O. Lippitt, Jr., appearing pro se, has filed a motion for postconviction relief under 28 U.S.C. § 2255, Dkt. 342, challenging the 24-month sentence that I imposed when I revoked his supervised release.[1] Lippitt's motion is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires me to deny the motion if it plainly appears that Lippitt is not entitled to relief.

Lippitt's motion is quite short: he states that he "fit[s] the criteria" for resentencing under *United States v. Shaw*, 39 F.4th 450, 2022 WL 2448254 (7th Cir. 2022). Dkt. 342. He contends that *Shaw* "say[s] 24 [months] on a supervised release revocation exceeded the guideline range and [the court] remanded for resentencing saying rehabilitation or treatment factors should not be reasons to exceed the U.S.S.G." *Id.* Lippitt didn't appeal his revocation sentence, so he has likely procedurally defaulted the claim he now brings. But even if Lippitt could identify an exception to the procedural-default rule, his claim for relief is meritless, so I will deny his motion.

---

[1] All citations are to Lippitt's criminal case.

Lippitt does not make exactly clear why his revocation sentence should be vacated under *Shaw*. If what he means is that his revocation sentence of 24 months exceeded the guidelines like Shaw's did, he is incorrect. As I stated in my revocation decision, Lippitt faced an advisory guideline range of 33–41 months of imprisonment; I sentenced him to a term of imprisonment below that range. Dkt. 337, at 3–4. Lippitt is correct that the court in *Shaw* recognized that rehabilitation is an impermissible reason to impose or extend a period of incarceration, both at the original sentencing and at revocation. *See Shaw*, 2022 WL 2448254 at *5 (citing *Tapia v. United States*, 564 U.S. 319 (2011)). But *Shaw* doesn't apply to Lippitt's sentence because I did not cite rehabilitation as a factor warranting imprisonment or justifying the length of his imprisonment. Instead, I stated, "The intent of this sentence is to hold defendant accountable for his violations, to protect the community, and to promote specific and general deterrence." Dkt. 337, at 4. So Lippitt fails to show any reason to vacate his sentence.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Lippitt's § 2255 motion is meritless. Because

reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Kenneth O. Lippitt's motion under 28 U.S.C. § 2255, Dkt. 342, is DENIED.

2. Lippitt is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered July 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge